## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1998-CA-01287-SCT

*JANET D. THORNBURG AND LARRY THORNBURG*

*v.*

*MAGNOLIA REGIONAL HEALTH CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/1998 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | MICHAEL DALE COOKE |
| ATTORNEY FOR APPELLEE: | JAMES T. McCOLGAN, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 5/13/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/3/99 |


**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### STATEMENT OF THE FACTS AND CASE

¶1. On November 19, 1997, Janet Thornburg ("Thornburg") filed suit against Magnolia Regional Medical Center ("Magnolia") for burns which she received one year earlier while receiving heat lamp treatments. On November 30, 1997, Magnolia filed a motion to dismiss, alleging non-compliance with the notice provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11 (Supp. 1998). The trial judge granted the motion to dismiss, and Thornburg, feeling aggrieved, timely appealed to this Court.

### ISSUE

> **Whether the trial court properly dismissed the Appellants' complaint based on the Appellants' failure to strictly comply with the notice requirement of Miss. Code Ann. § 11-46-11?**

¶2. The trial court dismissed Thornburg's lawsuit based on her alleged non-compliance with the notice provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et. seq. (Supp. 1998). Section 11-46-11[1] provides that:

(1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity, and, if the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

(2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

(3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp. 1998).

¶3. In ***Reaves v. Randall***, No. 97-CA-00982 (Miss. Dec. 31, 1998), this Court adopted a "substantial compliance" scheme in enforcing the notice requirements of the Tort Claims Act. This Court in ***Reaves*** held that "(w)hen the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act." In ***Carr v. Town of Shubuta***, No. 96-CT-01266-SCT (Miss. Feb. 11, 1999), this Court further explained that

[N]otice is sufficient if it substantially complies with the content requirements of the statute. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonable affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

***Carr***, slip opinion at 5. (Quoting ***Collier v. Prater***, 544 N.E. 497, 498-99 (Ind. 1989). In providing notice in the present case, Thornburg sent a six page letter to Magnolia's "Administrator" in which she set forth the nature of her claim against Magnolia and requested the commencement of settlement negotiations. The letter provided a detailed description of the incident, explained the injuries Thornburg had suffered, provided estimates of her damages, and offered to settle the case for $ 100,000.

¶4. Magnolia alleges that Thornburg's notice was deficient in four respects. First, Magnolia asserts that, in

providing notice to the "Administrator" of the hospital, Thornburg failed to give notice to Magnolia's "Chief Executive Officer," as required by statute. In defining the term "Chief Executive Officer" within the context of the Tort Claims Act, this Court held in *Reaves* that:

> In order to give reasonable meaning to the statute, we hold today that this term may be read to include any of the following: president of the board, chairman of the board, any board member, or such other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability.

*Reaves*, slip opinion at 3. Magnolia argues that the "Chief Executive Officer" of the hospital is actually the Chairman of the Board of Trustees and that Thornburg's notice was accordingly defective. It is apparent, however, that a hospital administrator constitutes a "person employed in an executive capacity . . . who can be reasonably expected to notify the governmental entity of its potential liability" as set forth in *Reaves*. This Court accordingly concludes that the hospital administrator was a proper recipient of the statutory notice, and this argument is without merit.

¶5. Magnolia next argues that Thornburg's notice was defective in that it failed to include her "residence either at the time of the injury" or "at the time of filing the notice," both of which are required by § 11-46-11(2). It is apparent, however, that the scheme of substantial compliance adopted by this Court in *Reaves* and *Carr* does not require that a plaintiff substantially comply with each informational notice requirement set forth in the Tort Claims Act. As noted earlier, this Court held in *Carr* that "(i)n general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonable affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it." *Carr*, slip opinion at 5.

¶6. This Court concludes that, notwithstanding Thornburg's failure to include her address in her letter, her notice letter nevertheless informed Magnolia of the substance of her claim and provided Magnolia with sufficient information to conduct a proper investigation. Thornburg's letter explained in depth the nature of the incident which allegedly gave rise to her injuries, and the letter clearly set forth the claimed damages resulting therefrom. Also, the letter provided the address of the attorney handling the claim, and Magnolia could have presumably obtained the information regarding Thornburg's residence by conducting a brief investigation. This argument is without merit.

¶7. Magnolia next argues that Thornburg's letter was deficient in that it specifically provided that the settlement offer set forth therein would expire in twenty days. Magnolia argues that this provision rendered the notice a conditional settlement offer rather than a valid notice of claim. Magnolia further argues that the "twenty day" language prejudiced Magnolia's right to a ninety-day waiting period as set forth in the Tort Claims Act. Miss. Code Ann. § 11-16-11(1) requires that "ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity."

¶8. The ninety-day waiting period in § 11-46-11(1) grants a governmental entity a grace period prior to the filing of a lawsuit in which to consider the merits of the claim and to conduct any investigation which it deems necessary. It does not rationally follow, however, that the provisions of § 11-46-11(1) should serve to limit or dictate the terms of any settlement offer which a plaintiff might include within a letter providing notice. § 11-46-11 is concerned with the time in which a lawsuit may be filed, and the statute can not reasonably be interpreted as requiring that a governmental entity be given ninety days in which to accept or reject any

settlement offer. We conclude that the terms of any settlement offer is a contractual rather than a statutory matter, and this argument is without merit.

¶9. Magnolia's final argument is that Thornburg's notice was deficient in that it was sent by first class mail rather than by being "delivered in person or by registered or certified United States mail," as required by § 11-46-11(2). The present issue has not been addressed by a prior decision of this Court, and it is clear that the present case involves a technical violation of § 11-46-11(2). We conclude however, that, a failure to comply with this provision should not, as a matter of law, serve as a basis for dismissing a lawsuit. We hold that, in cases in which notice is sent by first class mail, a governmental entity must demonstrate actual prejudice resulting from the failure to comply with the "registered or certified mail" requirement in order to be entitled to a dismissal on this basis.

¶10. Magnolia does not attempt to argue that it did not receive the notice or that it was prejudiced in any manner by Thornburg's failure to send the notice by registered or certified mail. The statutory notice required by the Tort Claims Act does not give rise to the same jurisdictional/due process concerns which arise, for example, in the context of summonses mailed following the filing of a lawsuit. See ***Hamm v. Hall***, 693 So.2d 906, 910 (Miss. 1997)(holding that a divorce summons which was sent to an husband via first class mail did not give rise to personal jurisdiction over the husband so as to entitle the trial court to enter a personal judgment for child support or alimony against the husband.)

¶11. The statutory notice is, instead, merely a means of informing a governmental entity of the existence of a claim which might give rise to a lawsuit in the future. Given that this issue is not a jurisdictional one, there is no valid reason why the sending of the notice by first class mail should result in a dismissal in cases in which the governmental entity has (1) received the notice and (2) suffered no actual prejudice as a result of the plaintiff's failure to comply with § 11-46-11(2). Both of these requirements are met in the present case. The ruling of the trial court is accordingly reversed, and this case is remanded for further proceedings consistent with this opinion.

¶12. **REVERSED AND REMANDED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. The notice provisions set forth in § 11-46-11 have recently been amended by the Legislature, but these amendments are effective from and after passage and are not applicable to the present case. The new statute was signed by the Governor on March 25, 1999. See: 1999 Miss. Laws Ch. 469 (HB778)